

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Louisiana*

---

*Jon Maestri*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: (504) 680-3187*
*Facsimile: (504) 589-3602*

June 24, 2016

Honorable Joseph C. Wilkinson, Jr.
United States Magistrate Judge
Eastern District of Louisiana
500 Camp Street, B-409
New Orleans, Louisiana 70130

    Re:    *United States v. Kate Lohan*
               Criminal Docket No.16-062 "G" (2)

Dear Judge Wilkinson:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Kate Lohan, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Gary Schwabe, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement. A rearraignment date has been set for June 28, 2016 at 2:00 p.m.

    The Government will allow the defendant to plead guilty as charged to Count 1 of the bill of information and agrees that it will not bring any other charges in the Eastern District of Louisiana arising from the defendant's JetBlue incident, unless she withdraws her decision to plead guilty or violates terms of this plea agreement. This agreement does not affect the Government's right to charge the defendant with any crime of violence, if any exists. The defendant further understands that the maximum penalty the defendant may receive should her plea of guilty be accepted for Count 1 is six (6) months imprisonment and/or a fine of $5,000. Under 18 U.S.C. Section 3571(d), if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.

Pursuant to Section 3E1.1, Acceptance of Responsibility, of the United States Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government will request an additional one (1) level decrease in the defendant's level if the offense level, prior to any reduction for acceptance of responsibility, is 16 or greater.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. Specifically, the defendant has agreed to pay restitution in the amount of $7,212.25. It is further understood that the U. S. Attorney's Office has no authority to bind the IRS (Civil) and, consequently, it is understood that the defendant may face additional civil penalties and/or assessments by the IRS.

Further, the defendant understands that a mandatory special assessment fee of $10.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code, for Count 1. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal her conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that she may have the right to file collateral challenges to her conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.     Waives and gives up her right to appeal or contest her guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to her right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights

which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

      b.     Waives and gives up her right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up her right to challenge the manner in which her sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

      c.     Waives and gives up her right to challenge her sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to her sentence of any kind; and

      d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post-conviction challenge if she establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands she must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if she is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as

to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of that criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which she is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). Specifically, the defendant has agreed to forfeit: one Verizon LG cell phone, model: LG-VS986W, SN:510KPBF0191653. The defendant agrees that any asset charged in the Bill of Particulars is forfeitable as proceeds of the illegal activity for which she is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

In an effort to resolve this matter in a timely fashion and showing good faith while cooperating with the Government, the defendant agrees to knowingly, voluntarily, and expressly waive any rights pursuant to Rule 410 of the Federal Rules of Evidence. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws her decision to plead guilty, or her guilty plea is later withdrawn, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority including, but not limited to, statements made during plea discussions, any statements made during any court proceeding involving the defendant's plea of guilty, any factual bases or summaries signed by the defendant, or any other statements made by the defendant in court proceedings, and any testimony given by the defendant before a grand jury or any tribunal or court, and any leads from such statements or testimony, shall be admissible for all purposes against the defendant in any and all criminal proceedings, including use during the United States' case-in-chief at trial as affirmative evidence of the defendant's guilt of the crimes charged. All parties also understand

that any statement or testimony given by the defendant can be used as leads or for any other reason against other persons. Furthermore, the defendant fully understands that should she commit perjury or give false statements to federal agents, any prior statements and testimony she has given can be used to prove those offenses, and she faces additional criminal charges.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to her inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

      The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

                                Very truly yours,

                                KENNETH ALLEN POLITE, JR.
                                UNITED STATES ATTORNEY

                                _____
                                JON MAESTRI
                                Assistant United States Attorney

_____  6-28-16
GARY SCHWABE              Date
Attorney for the Defendant

_____  6/28/16
KATE LOHAN                Date
Defendant